IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALAN LINDGREN,                              Civil No. 07-14-AA
                                            OPINION AND ORDER
        Plaintiff,

    vs.

PUBLIC STORAGE, INC., a California
Corporation, THOMAS GRINER and
JESUS BENAVIDES,

        Defendants.
_____

Suzanne B. Chanti
Chanti & Zennaché, PC
245 East Fourth Avenue
Eugene, OR 97401
        Attorneys for plaintiff

Nena Cook
Elizabeth A. Semler
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
        Attorneys for defendants

AIKEN, Judge:

    Plaintiff filed a complaint against defendants alleging

Page 1 - OPINION AND ORDER

violations of the Federal Family and Medical Leave Act, the Oregon Family Leave Act, the Americans with Disabilities Act, ORS § 659A.100, and wrongful discharge.

Defendants moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) to compel arbitration for claims arising from plaintiff's employment. Defendants' motion is granted.

## STANDARD OF REVIEW

I. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

II. Federal Arbitration Act

The Federal Arbitration Act (FAA) was enacted to reverse the longstanding judicial hostility to arbitration agreements. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The FAA demonstrates a liberal federal policy favoring arbitration agreements. Id. at 25. Generally applicable

Page 2 - OPINION AND ORDER

contract defenses, such as fraud or unconscionability, may be used to invalidate arbitration agreements without contravening federal law. <u>Al-Safin v. Circuit City Stores, Inc.</u>, 394 F.3d 1254, 1257 (9th Cir. 2005). The enforceability of an arbitration agreement is considered according to the laws of the state of contract formation. <u>Id</u>.

Finally, and notably, Oregon courts construe arbitration agreements liberally in favor of arbitration. <u>Seller v. Salem Women's Clinic, Inc.</u>, 154 Or. App. 522, 526, 963 P.2d 56, <u>rev. denied</u>, 328 Or. 40, 977 P.2d 1170 (1998).

**FACTS**

Plaintiff Alan Lindgren completed and signed an application for employment at defendant Public Storage on July 9, 2002. The application stated that by signing below, the applicant "understand[s] and agree[s] that a condition of employment with the Company requires that [the applicant] enter into an agreement with the Company for the arbitration of employment disputes." Plaintiff signed and dated the application and was hired by Public Storage, Inc., in Portland, Oregon, on July 22, 2002, as a relief manager. At the time of hiring, plaintiff signed paperwork constituting health insurance forms and a W-4 tax form.

Five months into his employment, on December 18, 2002, plaintiff was asked to sign (1) a one-paragraph waiver of plaintiff's rights to civil court, and thus a promise to

arbitrate claims; (2) a one-page "Employee Handbook Acknowledgment;" and (3) an "Employment At Will Agreement." Defendants allege that plaintiff initially signed all three of these documents on plaintiff's date of hire, July 22, 2002, but in updating their personnel files defendants discovered these documents missing. Defendants therefore requested plaintiff sign them again. Plaintiff does not dispute that he signed the "Employee Handbook Acknowledgment" on December 18, 2002, however, plaintiff testifies that he was not provided with an employee handbook, and did not receive one until September 2003, fourteen months into his employment. The handbook provided to plaintiff was the May 1998 version. There was an arbitration agreement in the back of the employee handbook. Defendants, in contrast, allege that all employees are provided an employee handbook on their date of hire.

## DISCUSSION

Defendant Public Storage argues that plaintiff signed an arbitration agreement on July 22, 2002, and received an employee handbook with a copy of an arbitration agreement, thereby binding him to arbitrate any claims arising from his employment. In support of this contention, defendants rely on the declaration of their District Manager in Portland, Oregon, Mr. Gooding. Gooding states that on plaintiff's date of hire, he personally provided plaintiff with several documents including "the employee handbook

containing a four page Arbitration Agreement and an Employment-At-Will Agreement." Gooding Declaration, p. 2. Gooding further stated that on December 18, 2002, plaintiff signed various documents provided to him by Gooding personally including "a four page Arbitration Agreement." Id. Gooding stated that "after plaintiff signed the last page of the Arbitration Agreement, I gave him the entire agreement together with copies of other [defendant company] documents." Id. Finally, Gooding stated he "had plaintiff sign an acknowledgment that he received a copy of [defendant's] Employee Handbook which includes the four page Arbitration Agreement." Id.

Plaintiff, however, testifies that the first time he saw the arbitration agreement attached as Exhibit 1 to defendants' motion was when defendants filed their motion. Plaintiff further testifies that upon hire in July 2002, he "was not provided with any handbook, arbitration agreement or at-will agreement. I was given some health insurance forms and a W4 form which I signed. I was also given a form stating that I understood that Public Storage was a Drug Free Workplace."

Pursuant to Rule 12(b)(6), the court must liberally construe the complaint in favor of the plaintiff, and take all of plaintiff's allegations as true. Therefore, I find that plaintiff did not sign and did not agree to be bound by an arbitration agreement upon his hire July 22, 2002.

Page 5 - OPINION AND ORDER

Nevertheless, I must now consider whether the documents signed by plaintiff on December 22, 2002, bound plaintiff to arbitration. Upon review of all employee files by defendant's Human Resources (HR) Department in conjunction with moving that Department, defendant found that plaintiff's file was missing certain documents. Public Storage then requested that plaintiff again sign (1) a one-page, one-paragraph waiver of a right to civil court; (2) an acknowledgment that plaintiff had read and understood the employee handbook; and (3) an at-will employment agreement. Plaintiff maintains that he did not receive an employee handbook until 2005.

The waiver of a right to civil court signed by plaintiff read in its entirety:

> **THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION FOR A CLAIM ARISING OUT OF OR RELATED TO EMPLOYEE'S EMPLOYMENT WITH COMPANY, ONLY THE ARBITRATOR, AND NOT A JUDGE OR JURY, WILL DECIDE THE CLAIM OR DISPUTE.**

Defs' Ex. 1, p. 4 (emphasis in original).

At the same time, plaintiff signed the Employee Handbook Acknowledgment indicating that plaintiff had "received a copy of the Employee Handbook and ha[d] read it." In the back of the May 1998 employee handbook, the handbook in effect at the time, there is a three-page arbitration agreement.[1]

---

[1] The arbitration agreement relevant to this dispute is the agreement found in the 1998 employee handbook. Prior to being presented with defendants' motion to dismiss, I find no

Plaintiff argues that if the above quoted paragraph created a contract between plaintiff and Public Storage, then the contract is unenforceable because it is indefinite and unconscionable. Plaintiff further argues that if the three additional pages of provisions in the handbook are part of the agreement, then the entire agreement is void because defendants concealed the agreement's essential terms.

The FAA provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, binding, irrevocable, and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2. In determining the validity of an arbitration agreement, federal courts "should apply ordinary state-law principles that govern the formation of contract. Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir.), cert. denied, 535 U.S. 1112 (2002). Thus, this court must apply Oregon contract law to determine whether the agreement to arbitrate is valid.

Plaintiff first argues that by signing the waiver, the obligation to arbitrate was too indefinite because the one-page

---

evidence that plaintiff had seen the version of the arbitration agreement attached to defendant's motion. There may indeed be overlap between the two versions. To the extent they differ, however, I find that plaintiff assented only to the terms of the 1998 employee handbook arbitration agreement.

Page 7 - OPINION AND ORDER

waiver did not contain any essential terms of an arbitration agreement.  The court notes that plaintiff failed to provide any authority defining such essential arbitration terms.  Further, because plaintiff signed both the one-page agreement to arbitrate and the acknowledgment that he had read and understood the employee handbook (which contained the 3-page arbitration agreement) plaintiff at that time bound himself to the terms of the arbitration agreement located in the employee handbook. First Interstate Bank of Oregon, N.A. v. Wilkerson, 128 Or. App. 328, 337, n.11, 876 P.2d 326 (1994)(a party is presumed to be familiar with the contents of any document that bears the person's signature); see also Pauly v. Biotronik, 738 F.Supp. 1332, 1335 (D. Or. 1990).  Further, the arbitration agreement in the employee handbook limits the types of claims that can be arbitrated by either party (e.g. unlawful harassment or discrimination, and wrongful termination), explains the method for notifying the employer of an intent to arbitrate, the arbitral body, the method for selecting the arbitrator, and cost allocation.  As such, I find that the arbitration agreement, as agreed to and acknowledged by plaintiff, is not indefinite as to its essential terms.  Therefore, the agreement does not fail on this point.

   Plaintiff next argues that both the one-page agreement to arbitrate and the employee handbook agreement to arbitrate are

Page 8 - OPINION AND ORDER

procedurally and substantively unconscionable. Under Oregon law, whether the facts of a case support a finding of unconscionability is a question of law that must be determined based on the facts in existence at the time the contract was made. <u>Best v. U.S. National Bank</u>, 303 Or. 557, 560, 739 P.2d 554 (1987). The party asserting unconscionability bears the burden of demonstrating that the arbitration clause is, in fact, unconscionable. <u>W.L. May Co., Inc. v. Philco-Ford Corp.</u>, 273 Or. 701, 707, 543 P.2d 283 (1975).

In Oregon, the test for unconscionability has both a procedural and a substantive element. <u>Vasquez-Lopez v. Beneficial Oregon, Inc.</u>, 210 Or. App. 553, 566, 152 P.3d 940 (2007). Procedural unconscionability refers to the conditions of contract formation, and substantive unconscionability refers to the terms of the contract. <u>Id</u>. at 556-57. In analyzing procedural unconscionability, the court considers two factors: oppression and surprise. Oppression arises when there is inequality in bargaining power between the parties to a contract, resulting in no real opportunity to negotiate the terms of the contract and the absence of meaningful choice. <u>Id</u>. Surprise involves the extent to which the supposedly agreed terms were hidden from the party seeking to avoid enforcement of the agreement. <u>Id</u>. at 567.

Plaintiff argues that his signing the papers was

procedurally unconscionable because of a substantial disparity in bargaining power. Unequal bargaining power alone is not enough to invalidate an arbitration clause on the basis of unconscionability. Motsinger v. Lithia Rose-FT, Inc., 211 Or. App. 610, 617, ___ P.3d ___ (2007); Vasquez-Lopez, 210 Or. App. at 569 (under Oregon law, procedural unconscionability is relevant, but the emphasis is clearly on substantive unconscionability); see also Gilmer, 500 U.S. at 33 (mere inequality in bargaining power is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context). Because unequal bargaining power alone is not sufficient to render the arbitration agreement unconscionable, the court must consider whether the arbitration clause is rendered unconscionable when the disparity in bargaining power is "combined with the terms that are unreasonably favorable to the party with the greater power." Carey v. Lincoln Loan Co., 203 Or. App. 399, 422, 125 P.3d 814 (2005), aff'd, 2007 WL 1081855 (2007). Whether the arbitration clause is substantively unconscionable is an inquiry that focuses on the one-sided nature of the substantive terms. Vasquez-Lopez, 210 Or. App. at 567.

Plaintiff further argues that the one-page waiver is procedurally unconscionable because it is the product of unequal bargaining power, and substantively unconscionable because (1)

the paragraph limits plaintiff's rights but does not limit defendants' rights to a civil court; and (2) the broad language stating "all claims arising from employment" includes non-arbitrable claims such as worker's compensation or unemployment compensation claims.  However, as noted in reference to plaintiff's indefiniteness claim, by signing the one-page waiver and the acknowledgment of having read and understood the employee handbook, plaintiff agreed to the arbitration agreement in the employee handbook.  Thus, the proper agreement to analyze for unconscionability is the agreement found in the 1998 employee handbook.  Plaintiff then asserts that regarding the arbitration agreement found in the handbook, it is procedurally unconscionable because its essential terms were concealed by defendant (i.e. surprise), and the agreement is substantively unconscionable because it limits claims, requires a timeline for communications between the parties, and provides that costs will be borne by the non-prevailing party.

    I disagree that the terms of the arbitration agreement found in the employee handbook were concealed by defendants.  In applying for employment with Public Storage, plaintiff filled out and signed an employment application on July 9, 2002, which clearly stated "I understand and agree that a condition of employment with the Company requires that I enter into an agreement with the Company for the arbitration of employment

Page 11 - OPINION AND ORDER

disputes." On December 18, 2002, plaintiff again recognized that requirement by signing the bold, uppercase paragraph agreeing to arbitrate claims. Plaintiff further signed the Employee Handbook Acknowledgment indicating he had received, read, and agreed to the policies in the employee handbook. For these reasons I find that the terms of the arbitration agreement were not concealed by defendant, and therefore, the arbitration agreement is not the product of surprise.

Further, by their nature, at-will employment agreements are the product of unequal bargaining power. By definition, an at-will employee may be fired for not agreeing to any of the employer's terms. As noted earlier, in Oregon, unequal bargaining power alone is not enough to render an arbitration agreement unconscionable; rather, the unequal bargaining power must be combined with terms that favor the employer. That is not the case here. The employee handbook arbitration agreement actually requires that both parties submit to arbitration "any dispute arising out of the action or termination of Employee's employment." Further, the arbitration agreement is clearly limited to disputes "arising out of the termination of employee's employment and/or any claims of unlawful harassment or discrimination allegedly occurring in the course of Employee's employment." Nowhere in the agreement does the arbitration purport to include those claims specifically exempted from

Page 12 - OPINION AND ORDER

arbitration by the FAA (i.e. worker's compensation or unemployment benefits claims). Further, the arbitration agreement specifically excludes "disputes, claims or controversies concerning Employee's right to occupancy of living quarters furnished by Company."

For all of these reasons, I find that the terms of the arbitration agreement in the employee handbook are not substantively unconscionable because such terms are not unreasonably favorable to Public Storage.

Therefore, I find that plaintiff agreed to the terms of the employee handbook arbitration agreement, and that the terms of this agreement are not indefinite, procedurally unconscionable, or substantively unconscionable. As such, the arbitration agreement is valid, and defendants' motion to dismiss and compel arbitration is granted.

## CONCLUSION

Defendants' motion to dismiss and compel arbitration (doc. 5) is granted. The parties' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 7 day of May 2007.

_____
Ann Aiken
United States District Judge

Page 13 - OPINION AND ORDER